WEEKS v. CONGREGATION SHAAREY ZEDEK.

1. Partition—Unity of Ownership—Sale of Two Parcels as One.

Where there was an absence of unity of ownership in two parcels of land on opposite sides of railroad right of way, inasmuch as one of the parties holding an interest in one parcel had no interest in other parcel, their sale as one parcel may not be ordered in partition proceedings since to do so would give rise to uncertainty and difficulty in determining what would constitute a just division of the proceeds, hence trial judge was not in error in excluding testimony that the two separate parcels would bring a higher price if sold as one parcel rather than separately (3 Comp. Laws 1929, §§ 15014, 15017).

2. Same—Unity of Ownership.

While partition will not be refused merely because land involved is not all in one tract, generally to warrant partition in such

case, the tracts must all be owned by the same persons (3 Comp. Laws 1929, §§ 15014, 15017).

3. SAME—SALE—DIVISION.

Portion of decree in partition suit involving two parcels of land, requiring sale of one parcel because not subject to partition in kind or division without great or at least probable prejudice to the owners is affirmed where it is not proper to sell both parcels as one parcel because of absence of unity of ownership in both parcels (3 Comp. Laws 1929, §§ 15014, 15017).

4. SAME—DIVISION—PHYSICAL CONFORMATION.

Where an irregular-shaped parcel in which three parties have interests of varying proportions is subject to partition in kind, partially because the physical conformation will permit a partition in kind without great prejudice and partially because two of the parties own adjoining tracts of land and third party did not object, it was properly partitioned in kind (3 Comp. Laws 1929, §§ 15014, 15017).

5. SAME—SALE OF TWO PARCELS AS SINGLE UNIT—GRAVEL PIT——INDUSTRIAL SITE—RECORD.

Claims that two parcels of land on opposite sides of railroad right of way would be more advantageously sold as a single unit because of possible use as a source of gravel or as a site for an industrial plant *held,* not sustained by record (3 Comp. Laws 1929, §§ 15014, 15017).

6. SAME—COSTS.

Upon affirmance of decree in partition suit by plaintiff against one defendant who appealed and another who did not, costs are awarded against appellant in favor of each appellee.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 9, 1947. (Docket No. 35, Calendar No. 43,788.) Decided December 3, 1947.

Bill by Anne Weeks against Congregation Shaarey Zedek, a Michigan corporation, and Charles E. Dohany for determination of ownership and partition of real property. Decree for plaintiff. Defendant Dohany appeals. Affirmed.

*Howard I. Bond,* for plaintiff.

*Seymour J. Frank,* for defendant Congregation Shaarey Zedek.

*George A. Porter,* for defendant Dohany.

NORTH, J.   Anne Weeks, as a part owner, by bill of complaint, sought determination of ownership and partition of 30 acres of land (excepting a railroad right of way) in Troy township, Oakland county.   After hearing in open court a decree covering the relief sought was entered. , No complaint is made concerning the decreed ownership of the respective parties, but defendant Charles E. Dohany has appealed from the decreed manner of partition.

The accompanying map will aid in visualizing the physical situation.   The railroad right of way which cuts through the property contains about 6.46 acres.   This right of way varies in width from 75 feet to 300 feet.   The parcel (herein designated as parcel A) which lies northeast of the railroad right of way contains about 10.81 acres.   Of this parcel Anne Weeks owns in fee 14/15ths and defendant Dohany 1/15th.   The parcel lying southwest of the railroad right of way (designated herein as parcel B) contains 13.12 acres and is owned in fee as follows: Anne Weeks 8/15ths, the defendant Congregation Shaarey Zedek 6/15ths, and defendant Dohany 1/15th.

From the foregoing it appears that Congregation Shaarey Zedek had no interest in parcel A.   Notwithstanding the contention to the contrary in Dohany's brief, the trial judge correctly held that partition could not be lawfully accomplished by the sale of both A and B as one parcel, over the objection of defendant Congregation Shaarey Zedek.   To hold otherwise would give rise to uncertainty and difficulty in determining what would constitute a just division of the proceeds of the sale, and would be

in violation of the legal rights of Congregation Shaarey Zedek, since there was an absence of unity of ownership in the respective parcels. The case

cited in appellant's brief in support of his contention (*Fortney* v. *Tope,* 262 Mich. 593) pertains to lands wherein oil or gas rights were involved; and unlike the instant case, there was unity of title in

the litigants to the whole parcel. The cited case is not applicable to the instant case. Under the circumstances above noted the trial judge was not in error in excluding testimony offered by Dohany by which he sought to show that the two separate parcels would bring a higher price if sold as one parcel rather than as two separate parcels. We are in accord with the trial judge's decree wherein he states as a finding:

"That the southwest parcel (parcel B) and the northeast parcels (parcel A) are physically and otherwise two separate and distinct parcels of property and must, as a matter of factual and legal necessity, be dealt with separately and differently.
\* \* \*

"There is no unity of ownership as relates to the two parcels. This factor in and of itself would prevent the court from considering or attempting to partition said premises as one parcel."

As to the rule that unity of interest in all the parcels involved is essential, an extensive note appears in 65 A. L. R. 893, 894. Numerous cited authorities sustain the following statement in the note:

"Although partition will not be refused merely because the land is not all in one tract, it is the general rule \* \* \* (subject to an exception not pertinent to the instant case), that, in order to warrant such a partition, the tracts must be all owned by the same persons."

The applicable law is stated to the same effect with numerous cited authorities in 40 Am. Jur. p. 29, as follows:

"Subject to exceptions hereinafter noted (but not pertinent to the instant case), there can as a general rule be no partition of several parcels of land unless

each of the parties to the partition proceeding has an interest or moiety in the entire property or estate sought to be partitioned. * * * Thus, one who holds two parcels of land in different proportions, one as cotenant with A and the other as cotenant with A, B and C, cannot have judgment for partition of both on one petition, nor can he, even if he owns the same proportional part in each parcel.''

As to parcel A, the trial court's decree provided:

''It is further ordered, adjudged and decreed that this court does find that the northeast parcel (parcel A) of said premises cannot with safety or certainty be partitioned in kind or divided without great or at least probable prejudice to the owners and should be sold in pursuance of the statutes in such case made and provided.''

Except as hereinbefore indicated no complaint is made of this portion of the decree, and it is affirmed.

The remaining issue on this appeal pertains to the manner in which the circuit judge decreed partition of parcel B. As to this parcel the circuit judge found that it could be partitioned in kind or physically divided without any prejudice to the owners. Appellant Dohany contends that it should be sold and the proceeds divided according to the ownership of the three parties concerned, rather than being physically divided among them in proportion to their interest.

We are not in accord with appellant's contention. In the pertinent statute it is provided:

''If the court shall be satisfied that partition of the premises between the parties interested therein can be made without prejudice to the owners, such court shall, by an order to be entered in its minutes, appoint three discreet and disinterested freeholders commissioners, to make the partition so decreed, according to the respective rights and interests of

the parties." 3 Comp. Laws 1929, § 15014 (Stat. Ann. § 27.2031).

Parcel B is not contiguous to any public highway, so far as disclosed by the record. On the north it adjoins a small parcel of land belonging to Dohany. And adjoining parcel B on the south there is a cemetery comprising 48 acres which belongs to defendant Congregation Shaarey Zedek. It is obvious that this defendant desires to retain its share of parcel B as a needed addition to its adjoining burial ground. Anne Weeks has taken the position that it is immaterial to her whether parcel B is physically divided between the parties or sold and the proceeds divided as the respective parties' rights appear.

In his decree which provided for a physical division of parcel B, the circuit judge embodied a finding relative to that parcel which is justified by the testimony and which we quote in part:

"That the southwest parcel (parcel B) of said premises without any prejudice to the owners can be partitioned in kind and should be so partitioned for the following reasons:

"The physical conformation of the southwest parcel will permit a partition in kind without great prejudice; that is to say that parcel is uniform in character and no factors relating to quality or quantity are present which should give commissioners any difficulty in making a fair division between the interested parties in accordance with 3 Comp. Laws 1929, § 15017 (Stat. Ann. § 27.2034). * * *

"Due to the fact that the two defendants just mentioned (Congregation Shaarey Zedek and Dohany) own contiguous properties it is untenable for either to argue that the portion that they might receive would be too small in size or irregular in shape to be of utility or value. The value and utility of the portions that these defendants would in the ordinary course of division receive would be sup-

plemented by the contiguous properties owned by them rather than diminished. By the same token the value of the contiguous properties will undoubtedly be supplemented. * * *

"To state the proposition in a negative way, all the facts and circumstances and principles of law applicable thereto favor and dictate that the southwest parcel (parcel B) be partitioned in kind."

Our review of the record brings the conclusion that the circuit judge by his decree properly disposed of this case. In so holding we have not overlooked appellant's contention that formerly a gravel pit was operated on parcel A and appellant takes the position that it is a fair inference the deposit of gravel extends across the railroad right of way and into parcel B. In consequence of this contention appellant argues that parcels A and B should be sold as a single unit of land, and further appellant asserts that if sold as a single unit the two parcels would constitute a desirable site for an industrial plant, and therefore sell at a larger figure. We do not find either of these factual contentions sustained by the record; and in any event appellant's position in this regard is legally untenable on the ground set forth in the early part of this opinion.

The decree entered in the circuit court is affirmed, with costs against appellant in favor of each appellee.

Carr, C. J., and Butzel, Bushnell, Sharpe, Boyles, Reid, and Dethmers, JJ., concurred.